Windward Bora, LLC v Zorrilla (2025 NY Slip Op 03293)

Windward Bora, LLC v Zorrilla

2025 NY Slip Op 03293

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 21958/20|Appeal No. 4510|Case No. 2024-01175|

[*1]Windward Bora, LLC, Plaintiff-Appellant,
v
Oscar Zorrilla et al., Defendants-Respondents, Office of the Register of the City of New York for the County of Bronx, et al., Defendants.

Margolin, Weinreb & Nierer, LLP, Syosset (Seth D. Weinberg of counsel), for appellant.
Roven Law Group P.C., New York (Jason Browne of counsel), for respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered January 17, 2024, which denied plaintiff's motion pursuant to CPLR 5015 to vacate its default in opposing the motion of defendants Oscar and Lissette Zorrilla to reargue their cross-motion to dismiss the complaint as barred by the applicable statute of limitations, unanimously affirmed, without costs.
Plaintiff brought this action in 2020 to correct a defective mortgage recorded in 2005. Neither Oscar nor Lissette filed an answer. In 2022, more than two years after it commenced this action, plaintiff moved for a default judgment. Oscar and Lissette filed a cross-motion to dismiss the complaint as barred by the applicable six-year statute of limitations under CPLR 213(6). Supreme Court denied plaintiff's motion and defendants' cross-motion, and extended defendants' time to file an answer. Rather than filing an answer, defendants filed a motion to reargue their cross-motion to dismiss the complaint, which plaintiff failed to oppose. Supreme Court granted defendant's motion to reargue, and upon reargument, reversed its prior decision denying the cross-motion to dismiss finding that it had overlooked the fact that the six-year statute of limitations to correct the defect of the recorded mortgage had expired. Plaintiff then sought to vacate its default in opposing defendants' motion to reargue.
Supreme Court properly denied plaintiff's motion because it did not assert a potentially meritorious opposition to defendants' motion to reargue their cross-motion to dismiss the complaint as time barred. Plaintiff's arguments in seeking to oppose defendants' motion to reargue are that defendants waived their right to assert their statute of limitations defense by failing to answer or otherwise respond within the time required. Neither argument constitutes a potentially meritorious opposition (see Forest Walnut LLC v Abizker, 224 AD3d 408, 409 [1st Dept 2024]).
Defendants filed their cross-motion to dismiss the complaint on November 14, 2022, in response to plaintiff's September 23, 2022 motion for a default judgment. By denying plaintiff's motion and extending defendants' time to answer, the court's March 15, 2023 order effectively vacated defendants' 2020 default in answering the complaint, rendering defendants' cross-motion, and thus, its statute of limitations defense, timely (see generally Scott v City of New York, 233 AD3d 456, 456 [1st Dept 2024]).
Nor did defendants waive their statute of limitations defense by failing to answer or file a pre-answer motion after service of the March 15, 2023 order denying defendants' original cross-motion to dismiss the complaint. Defendants filed their motion to reargue on May 10, 2023, within 30 days of the April 11, 2023 notice of entry of the March 15, 2023 order (see CPLR 2221[d][3]). Finally, plaintiff does not otherwise contend that this action was timely commenced.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025